Jason M. Drangel (JD 7204)
jdrangel@ipcounselors.com
Ashly E. Sands (AS 7715)
asands@ipcounselors.com
Brieanne Scully (BS 3711)
bscully@ipcounselors.com
Danielle S. Yamali (DY 4228)
dfutterman@ipcounselors.com
EPSTEIN DRANGEL LLP
60 East 42nd Street, Suite 2520
New York, NY 10165
Telephone:    (212) 292-5390
Facsimile:    (212) 292-5391
*Attorneys for Plaintiff*
*Marcelo Burlon S.r.l.*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MARCELO BURLON S.R.L.,<br><br>*Plaintiff*<br><br>v.<br><br>ADIDASSTORE, AMY_STUDIO, ANDYLEW, BEACHBODY599, BEAUTYDRESSING, BESTONLINESTORE, BIGNEWS, BIGTOMSTORE, BLACKBIRDD, BLAIRI, BLUEBERRY11, BOEKA, BOPEPA, BRAND_CHARM, BRANDCLOTHES0, BRANDCLOTHING2019, BUXUE, BUYCHINA168, BYPRO, CAIFUSHIJIA888, CASESMALL, CHAODIE1, CHARISMATIC_PERSONAL, CHEN0815, CHEN13692335256, CHINACIF, CINDA02, CLOTH189, CLOTHINGC, CLOTHINGDH, CLUBSEXYDESIGNERDRES, CN18578795615, CNFIRST, COMBOCAI, COMFORTABLE01, COZYWINE, DABICLOTHING, DAXUE11, DAYUP, DISTANCEROAD, DONGGUAN_WHOLESALE, DQBEAUTY, DRESS_CH, DUNWANG, EATIPSTORE, EDMSUN, FAFAFA168, FASHION_BRAND2131, FASHIONSTORE09, FAVORITE0721, FJDJ, GAOCHENGJIAO1227, GH18MM, GIV_SHOP, GODMEN, GOU01, GUECI6688, HAI668, HANFEI001, HAPPY_WEDDINGS, HHWQ105, HIPHOPSHOP, | **19-cv-11333 (VSB)**<br><br>**PRELIMINARY INJUNCTION ORDER**<br><br>USDC SDNY<br>DOCUMENT<br>ELECTRONICALLY FILED<br>DOC #:<br>DATE FILED: 2/10/2020 |

HOUQIZHIXIU55888, HUANGQUNSHENG, ILOVEAPPLE, J098481, JINRIYOUXUAN1688, JUNNA9206, KAIXIN00666, KANYEWEST, LANDONG02, LANDONG04, LARCH, LAVENDER111, LEMON888, LEONARD5001, LEONARD5007, LIANGJIA168LIANG, LILISHOP0911, LINMEI0006, LIUZUDONG, LORAL, LOVEIT2017, LTSH, LVTEE, LVZU333, MAKEI_2018, MAKEUP_8888, MAPNATURE, MARK_CHEUNG, MARKSUNSHINE880417, MAYDAY1, MDX1990, MEDUSA56, MENGMENG2019, MENSRUNNINGSHOES, MENSUPSTORE, MIYA1688, NA369, NAVER, NICBUY, NICBUYS999, NIUMOWANG6, NOAH2010, ODALIS, PALM_HOME, PETAL01, PINGPO, POLLEN01, QIYILI2015, QIYUAN01, QIYUE05, QQ1239067373, RACHAW, RUIQI02, SACALLION, SAMLLA, SAVEBUY, SD002, SHANSHAN01, SHEJU, SUGARLIVE, SUPER_EGG, SUPERCOOLGUY, SUPERS_SUNGLASSES, SUWAI, SZ_TOTO, SZGHHCOOL, TAO02, TEAPINK, TIERAROSS, TONYREPLICA, TOP_JEANS_STORE, VANILLA04, VANSCUP, VOGUEAPPAREL, VXOSTORE, WULANA, XIAOBOSHI188, XINLANGCOM, XUEHANHAN, YI1BEI8SHUI3, YIWANG02, YIWANG03, YIYEQIUYU, YIZHAN01, YONGYUANHONGHUO, YOU1005, YUMY22, ZENGJUNDESIGNER, ZHANGZHENGUO998, ZHOUHEYUAN_1981, ZJH59420 and ZTY009,

*Defendants*

# GLOSSARY

| Term | Definition |
|---|---|
| **Plaintiff or Marcelo Burlon** | Marcelo Burlon S.r.l |
| **Defendants** | Adidasstore, Amy_studio, Andylew, Beachbody599, Beautydressing, Bestonlinestore, Bignews, Bigtomstore, Blackbirdd, Blairi, Blueberry11, Boeka, Bopepa, Brand_charm, Brandclothes0, Brandclothing2019, Buxue, Buychina168, Bypro, Caifushijia888, Casesmall, Chaodie1, Charismatic_personal, Chen0815, Chen13692335256, Chinacif, Cinda02, Cloth189, Clothingc, Clothingdh, Clubsexydesignerdres, Cn18578795615, Cnfirst, Combocai, Comfortable01, Cozywine, Dabiclothing, Daxue11, Dayup, Distanceroad, Dongguan_wholesale, Dqbeauty, Dress_ch, Dunwang, Eatipstore, Edmsun, Fafafa168, Fashion_brand2131, Fashionstore09, Favorite0721, Fjdj, Gaochengjiao1227, Gh18mm, Giv_shop, Godmen, Gou01, Gueci6688, Hai668, Hanfei001, Happy_weddings, Hhwq105, Hiphopshop, Houqizhixiu55888, Huangqunsheng, Iloveapple, J098481, Jinriyouxuan1688, Junna9206, Kaixin00666, Kanyewest, Landong02, Landong04, Larch, Lavender111, Lemon888, Leonard5001, Leonard5007, Liangjia168liang, Lilishop0911, Linmei0006, Liuzudong, Loral, Loveit2017, Ltsh, Lvtee, Lvzu333, Makei_2018, Makeup_8888, Mapnature, Mark_cheung, Marksunshine880417, Mayday1, Mdx1990, Medusa56, Mengmeng2019, Mensrunningshoes, Mensupstore, Miya1688, Na369, Naver, Nicbuy, Nicbuys999, Niumowang6, Noah2010, Odalis, Palm_home, Petal01, Pingpo, Pollen01, Qiyili2015, Qiyuan01, Qiyue05, Qq1239067373, Rachaw, Ruiqi02, Sacallion, Samlla, Savebuy, Sd002, Shanshan01, Sheju, Sugarlive, Super_egg, Supercoolguy, Supers_sunglasses, Suwai, Sz_toto, Szghhcool, Tao02, Teapink, Tieraross, Tonyreplica, Top_jeans_store, Vanilla04, Vanscup, Vogueapparel, Vxostore, Wulana, Xiaoboshi188, Xinlangcom, Xuehanhan, Yi1bei8shui3, Yiwang02, Yiwang03, Yiyeqiuyu, Yizhan01, Yongyuanhonghuo, You1005, Yumy22, Zengjundesigner, Zhangzhenguo998, Zhouheyuan_1981, Zjh59420 and Zty009 |
| **DHgate** | Dunhuang Group d/b/a DHgate.com, an online marketplace and e-commerce platform which allows manufacturers, wholesalers and other third-party merchants, like Defendants, to advertise, distribute, offer for sale, sell and ship their wholesale and retail |

| | |
|---|---|
| | products originating from China directly to consumers worldwide and specifically to consumers residing in the U.S., including New York. |
| **Epstein Drangel** | Epstein Drangel LLP, counsel for Plaintiff |
| **NAL** | New Alchemy Limited, a company that provides intellectual property infringement research services, to investigate and research manufacturers, wholesalers, retailers and/or other merchants offering for sale and/or selling counterfeit products on online marketplace platforms |
| **New York Addresses** | 20 Cooper Square, New York, New York 10003<br>105 Avenue B, Apt 4B, New York, New York 10009<br>244 Madison Ave, Suite 411, New York, New York 10016 |
| **Complaint** | Plaintiff's Complaint filed on December 11, 2019 |
| **Application** | Plaintiff's *Ex Parte* Application for: 1) a temporary restraining order; 2) an order restraining Merchant Storefronts (as defined *infra*) and Defendants' Assets (as defined *infra*) with the Financial Institutions (as defined *infra*); 3) an order to show cause why a preliminary injunction should not issue; 4) an order authorizing bifurcated and alternative service and 5) an order authorizing expedited discovery filed on December 11, 2019 |
| **Alini Dec.** | Declaration of Marta Alini in Support of Plaintiff's Application |
| **Arnaiz Dec.** | Declaration of Jessica Arnaiz in Support of Plaintiff's Application |
| **Yamali Dec.** | Declaration of Danielle S. Yamali in Support of Plaintiff's Application |
| **Marcelo Burlon Products** | A successful fashion label that started with a line of printed t-shirts and has since exploded into a luxury streetwear line designed to combine the comfort of sportswear with the luxury of modern clubwear. |
| **Marcelo Burlon Registrations** | U.S. Trademark Registration Nos: 5,197,808 for "MARCELO BURLON COUNTY OF MILAN," for goods in Class 3 and 4; 4,868,717 for "MARCELO BURLON COUNTY OF MILAN" for goods in Class 9, 18 and 25; 4,861,466 "MARCELO BURLON KIDS OF MILAN" for goods in Class 18 and 25; and 5,220,446 for " " for goods in Class 3, 9, 18 and 25 |
| **Marcelo Burlon** | U.S. Trademark Serial Application No. 79/246,440 for |

ii

| **Application** | "MARCELO BURLON COUNTY OF MILAN" for a variety of goods in Class 35 |
|---|---|
| **Marcelo Burlon Marks** | The marks covered by the Marcelo Burlon Registrations and Marcelo Burlon Application |
| **Counterfeit Products** | Products bearing or used in connection with the Marcelo Burlon Marks, and/or products in packaging and/or containing labels bearing the Marcelo Burlon Marks, and/or bearing or used in connection with marks that are confusingly similar to the Marcelo Burlon Marks and/or products that are identical or confusingly similar to the Marcelo Burlon Products |
| **Infringing Listings** | Defendants' listings for Counterfeit Products |
| **User Accounts** | Any and all websites and any and all accounts with online marketplace platforms such as DHgate, as well as any and all as yet undiscovered accounts with additional online marketplace platforms held by or associated with Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them |
| **Merchant Storefronts** | Any and all User Accounts through which Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them operate storefronts to manufacture, import, export, advertise, market, promote, distribute, display, offer for sale, sell and/or otherwise deal in Counterfeit Products, which are held by or associated with Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them |
| **Defendants' Assets** | Any and all money, securities or other property or assets of Defendants (whether said assets are located in the U.S. or abroad) |
| **Defendants' Financial Accounts** | Any and all financial accounts associated with or utilized by any Defendants or any Defendants' User Accounts or Merchant Storefront(s) (whether said account is located in the U.S. or abroad) |
| **Financial Institutions** | Any and all banks, financial institutions, credit card companies and payment processing agencies, such as DHgate (*e.g.*, DHpay.com), PayPal Inc. ("PayPal"), Payoneer Inc. ("Payoneer") and PingPong Global Solutions, Inc. ("PingPong") and other companies or agencies that engage in the processing or transfer of money and/or real or personal property of Defendants |
| **Third Party Service Providers** | Online platforms, including, without limitation, those owned and operated, directly or indirectly by DHgate, as well as any and all as yet undiscovered online marketplace platforms and/or entities through which Defendants, their respective officers, employees, |

| | agents, servants and all persons in active concert or participation with any of them manufacture, import, export, advertise, market, promote, distribute, offer for sale, sell and/or otherwise deal in Counterfeit Products which are hereinafter identified as a result of any order entered in this action, or otherwise |
|---|---|

WHERAS, Plaintiff having moved *ex parte* on December 11, 2019 against Defendants for the following: 1) a temporary restraining order; 2) an order restraining Merchant Storefronts and Defendants' Assets with the Financial Institutions; 3) an order to show cause why a preliminary injunction should not issue; 4) an order authorizing bifurcated and alternative service and 5) an order authorizing expedited discovery;

WHEREAS, the Court entered an Order granting Plaintiff's Application on January 7, 2020 which ordered Defendants to appear on January 27, 2020 at 10:00 a.m. to show cause why a preliminary injunction should not issue ("Show Cause Hearing");

WHEREAS, by letter dated January 9, 2020, Plaintiff requested that the Court extend the TRO and modify the briefing schedule therein ("January 9, 2020 Letter");

WHEREAS, on January 10, 2020, pursuant to the alternative methods of service authorized by the TRO, Plaintiff served the Summons, Complaint, TRO and all papers filed in support of the Application on each and every Defendant except Defendants Cn18578795615, Dayup, Dqbeauty, Godmen, Leonard5007, Sheju, Tonyreplica and Xinlangcom;

WHEREAS, on January 13, 2020, pursuant to the alternative methods of service authorized by the TRO, Plaintiff served the Summons, Complaint, TRO and all papers filed in support of the Application on Defendant Godmen;

WHEREAS, on January 13, 2020, the Court entered an Order granting Plaintiff's request and adjourning the Show Cause Hearing until February 4, 2020 at 11:00 a.m. ("January 13, 2020 Order");

WHEREAS, on January 13, 2020, pursuant to the alternative methods of service authorized by the TRO, Plaintiff served the January 13, 2020 Order on each and every Defendant except

1

Defendants Cn18578795615, Dayup, Dqbeauty, Godmen, Leonard5007, Sheju, Tonyreplica and Xinlangcom;

WHEREAS, on January 14, 2020, pursuant to the alternative methods of service authorized by the TRO, Plaintiff served the January 13, 2020 Order on Defendant Godmen;

WHEREAS, on February 4, 2020 at 11:00 a.m., Plaintiff appeared at the Show Cause Hearing, however, no Defendants appeared.

**ORDER**

1. This Order is applicable to all Defendants, except Defendants Cn18578795615, Dayup, Dqbeauty, Leonard5007, Sheju, Tonyreplica and Xinlangcom.

2. The injunctive relief previously granted in the TRO shall remain in place through the pendency of this litigation, and issuing this Order is warranted under Federal Rule of Civil Procedure 65 and Section 34 of the Lanham Act.

    a) Accordingly, Defendants are hereby restrained and enjoined from engaging in any of the following acts or omissions pending the final hearing and determination of this action or until further order of the Court:

        i. manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale, selling and/or otherwise dealing in Counterfeit Products or any other products bearing one or more of Marcelo Burlon Marks and/or marks that are confusingly similar to, identical to and constitute a counterfeiting and/or infringement of the Marcelo Burlon Marks;

        ii. directly or indirectly infringing in any manner any of Plaintiff's Marcelo Burlon Marks;

        iii. using any reproduction, counterfeit, copy or colorable imitation of Plaintiff's

Marcelo Burlon Marks to identify any goods or services not authorized by Plaintiff;

iv. using any of Plaintiff's Marcelo Burlon Marks or any other marks that are confusingly similar to the Marcelo Burlon Marks on or in connection with Defendants' manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale, selling and/or otherwise dealing in Counterfeit Products;

v. using any false designation of origin or false description, or engaging in any action which is likely to cause confusion, cause mistake and/or to deceive members of the trade and/or the public as to the affiliation, connection or association of any product manufactured, imported, exported, advertised, marketed, promoted, distributed, displayed, offered for sale or sold by Defendants with Plaintiff, and/or as to the origin, sponsorship or approval of any product manufactured, imported, exported, advertised, marketed, promoted, distributed, displayed, offered for sale or sold by Defendants and Defendants' commercial activities and Plaintiff;

vi. secreting, concealing, destroying, altering, selling off, transferring or otherwise disposing of and/or dealing with: (i) Counterfeit Products and/or (ii) any computer files, data, business records, documents or any other records or evidence relating to their User Accounts, Merchant Storefronts or Defendants' Assets and the manufacture, importation, exportation, advertising, marketing, promotion, distribution, display, offering for sale and/or sale of Counterfeit Products;

vii. effecting assignments or transfers, forming new entities or associations, or creating and/or utilizing any other platform, User Account, Merchant Storefront or any other means of importation, exportation, advertising, marketing, promotion, distribution, display, offering for sale and/or sale of Counterfeit Products for the purposes of circumventing or otherwise avoiding the prohibitions set forth in this Order; and

viii. knowingly instructing, aiding or abetting any other person or business entity in engaging in any of the activities referred to in subparagraphs 2(a)(i) through 2(a)(vii) above and 2(b)(i) through 2(b)(ii) and 2(c)(i) below.

b) Accordingly, the Third Party Service Providers and Financial Institutions are hereby restrained and enjoined from engaging in any of the following acts or omissions pending the final hearing and determination of this action or until further order of the Court:

i. secreting, concealing, transferring, disposing of, withdrawing, encumbering or paying Defendants' Assets from or to Defendants' Financial Accounts until further ordered by this Court;

ii. secreting, concealing, destroying, altering, selling off, transferring or otherwise disposing of and/or dealing with any computer files, data, business records, documents or any other records or evidence relating to the Defendants' User Accounts, Merchant Storefronts, Defendants' Assets and the manufacture, importation, exportation, advertising, marketing, promotion, distribution, display, offering for sale and/or sale of Counterfeit Products; and

  iii. knowingly instructing, aiding, or abetting any other person or business entity in engaging in any of the activities referred to in subparagraphs 2(a)(i) through 2(a)(vii) and 2(b)(i) through 2(b)(ii) above.

c) Accordingly, the Third Party Service Providers are hereby restrained and enjoined from engaging in any of the following acts or omissions pending the final hearing and determination of this action or until further order of the Court:

  i. providing services to Defendants, Defendants' User Accounts and Defendants' Merchant Storefronts, including, without limitation, continued operation of Defendants' User Accounts and Merchant Storefronts insofar as they are connected to the Counterfeit Products;

  ii. secreting, concealing, destroying, altering, selling off, transferring or otherwise disposing of and/or dealing with any computer files, data, business records, documents or any other records or evidence relating to the Defendants' User Accounts, Merchant Storefronts, Defendants' Assets and the manufacture, importation, exportation, advertising, marketing, promotion, distribution, display, offering for sale and/or sale of Counterfeit Products; and

  iii. knowingly instructing, aiding, or abetting any other person or business entity in engaging in any of the activities referred to in subparagraphs 2(a)(i) through 2(a)(vii), 2(b)(i) through 2(b)(ii) and 2(c)(i) through 2(c)(ii) above.

3. As sufficient cause has been shown, the asset restraint granted in the TRO shall remain in place through the pendency of this litigation, including that:

a) within seven (7) days of receipt of notice of this Order, any newly discovered Financial Institutions who are served with this Order shall locate and attach Defendants'

Financial Accounts, shall provide written confirmation of such attachment to Plaintiff's counsel and provide Plaintiff's counsel with a summary report containing account details for any and all such accounts, which shall include, at a minimum, identifying information for Defendants and Defendants' User Accounts, contact information for Defendants (including mailing addresses and e-mail addresses), account numbers and account balances for any and all of Defendants' Financial Accounts.

4. As sufficient cause has been shown, the expedited discovery previously granted in the TRO shall remain in place through the pendency of this litigation, including that:

   a) Plaintiff may serve interrogatories pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure as well as Local Civil Rule 33.3 of the Local Rules for the Southern and Eastern Districts of New York and Defendants who are served with this Order shall provide written responses under oath to such interrogatories within fourteen (14) days of service to Plaintiff's counsel.

   b) Plaintiff may serve requests for the production of documents pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure and Defendants who are served with this Order, their respective officers, employees, agents, servants and attorneys and all persons in active concert or participation with any of them who receive actual notice of this Order shall produce all documents responsive to such requests within fourteen (14) days of service to Plaintiff's counsel.

   c) Within fourteen (14) days after receiving notice of this Order, all Financial Institutions who receive service of this Order shall provide Plaintiff's counsel with all documents and records in their possession, custody or control (whether located in the U.S. or abroad), relating to any and all of Defendants' Financial Accounts, User Accounts and

Merchant Storefronts, including, but not limited to, documents and records relating to:

i. account numbers;

ii. current account balances;

iii. any and all identifying information for Defendants and Defendants' User Accounts, including names, addresses and contact information;

iv. any and all account opening documents and records, including, but not limited to, account applications, signature cards, identification documents, and if a business entity, any and all business documents provided for the opening of each and every of Defendants' Financial Accounts;

v. any and all deposits and withdrawal during the previous year from each and every of Defendants' Financial Accounts and any and all supporting documentation, including, but not limited to, deposit slips, withdrawal slips, cancelled checks and account statements;

vi. any and all wire transfers into each and every of Defendants' Financial Accounts during the previous year, including, but not limited to, documents sufficient to show the identity of the destination of the transferred funds, the identity of the beneficiary's bank and the beneficiary's account number;

vii. any and all User Accounts and account details, including, without limitation, identifying information and account numbers for any and all User Accounts that Defendants have ever had and/or currently maintain;

viii. the identities, location and contact information, including any and all e-mail addresses, of Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them;

      ix.    the nature of Defendants' businesses and operations, methods of payment, methods for accepting payment and any and all financial information, including, but not limited to, information associated with Defendants' User Accounts, a full accounting of Defendants' sales history and listing history under such accounts, and Defendants' Financial Accounts associated with Defendants' User Accounts; and

      x.    Defendants' manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale and/or selling of Counterfeit Products, or any other products bearing the Marcelo Burlon Marks and/or marks that are confusingly similar to, identical to and constitute a counterfeiting and/or infringement of the Marcelo Burlon Marks.

d) Within fourteen (14) days of receipt of service of this Order, the Third Party Service Providers shall provide to Plaintiff's counsel all documents and records in its possession, custody or control (whether located in the U.S. or abroad) relating to Defendants' User Accounts and Defendants' Merchant Storefronts, including, but not limited to, documents and records relating to:

      i.    any and all User Accounts and Defendants' Merchant Storefronts and account details, including, without limitation, identifying information and account numbers for any and all User Accounts and Defendants' Merchant Storefronts that Defendants have ever had and/or currently maintain with the Third Party Service Providers;

      ii.    the identities, location and contact information, including any and all e-mail addresses of Defendants;

 iii. the nature of Defendants' businesses and operations, methods of payment, methods for accepting payment and any and all financial information, including, but not limited to, information associated with Defendants' User Accounts and Defendants' Merchant Storefronts, a full accounting of Defendants' sales history and listing history under such accounts and Defendants' Financial Accounts with any and all Financial Institutions associated with Defendants' User Accounts and Defendants' Merchant Storefronts; and

 iv. Defendants' manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale and/or selling of Counterfeit Products, or any other products bearing one or more of the Marcelo Burlon Marks and/or marks that are confusingly similar to, identical to and constitute an infringement of the Marcelo Burlon Marks.

5. As sufficient cause has been shown, and pursuant to FRCP 4(f)(3), service may be made on, and shall be deemed effective as to Defendants if it is completed by one of the following means:

 a) delivery of: (i) a PDF copy of this Order, or (ii) a link to a secure website (including NutStore, a large mail link created through Rmail.com or via website publication through a specific page dedicated to this Lawsuit accessible through ipcounselorslawsuit.com) where each Defendant will be able to download a PDF copy of this Order, to Defendants' e-mail addresses to be determined after having been identified by DHgate pursuant to Paragraph V(C) of the TRO; or

 b) delivery of a message to Defendants through the same means that Plaintiff's agents have previously communicated with Defendants, namely the system for

communications established by the Third Party Service Providers on their respective platforms providing a link to a secure website (such as NutStore or a large mail link created through Rmail.com) where each Defendant will be able to download PDF copies of this Order.

6. As sufficient cause has been shown, that such alternative service by electronic means ordered in the TRO and herein shall be deemed effective as to Defendants, Third Party Service Providers and Financial Institutions through the pendency of this action.

7. As sufficient cause has been shown, service of this Order shall be made on and deemed effective as to the Third Party Service Providers and Financial Institutions if it is completed by the following means:

    a) delivery of: (i) a PDF copy of this Order, or (ii) a link to a secure website where PayPal will be able to download a PDF copy of this Order via electronic mail to EE Omaha Legal Specialist at EEOMALegalSpecialist@paypal.com;

    b) delivery of: (i) a PDF copy of this Order, or (ii) a link to a secure website where DHgate (including DHPay.com) will be able to download a PDF copy of this Order via electronic mail to Ms. Emily Zhou, Intellectual Property Management, Trust and Safety Department, DHgate at zhouxu@dhgate.com;

    c) delivery of: (i) a PDF copy of this Order, or (ii) a link to a secure website where Payoneer Inc. will be able to download a PDF copy of this Order via electronic mail to Payoneer Inc.'s Customer Service Management at customerservicemanager@payoneer.com and Edward Tulin, counsel for Payoneer Inc., at Edward.Tulin@skadden.com; and

    d) delivery of: (i) a PDF copy of this Order, or (ii) a link to a secure website where

       PingPong Global Solutions Inc. will be able to download a PDF copy of this Order via electronic mail to Zeng Ni of PingPong Global Solutions Inc.'s Legal Department at xieqt@pingpongx.com and legal@pingpongx.com.

8. Defendants are hereby given notice that they may be deemed to have actual notice of the terms of this Order and any act by them or anyone of them in violation of this Order may be considered and prosecuted as in contempt of this Court.

9. The $25,000.00 bond posted by Plaintiff shall remain with the Court until a final disposition of this case or until this Order is terminated.

10. This Order shall remain in effect during the pendency of this action, or until further order of the Court.

11. Any Defendants that are subject to this Order may appear and move to dissolve or modify the Order on two (2) days' notice to Plaintiff or on shorter notice as set by the Court.

**SO ORDERED.**

SIGNED this __10th__ day of __February__, 2020, at _____ __.m.
New York, New York

_Vernon Broderick_
Vernon S. Broderick
United States District Judge